UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-CCS-41 |
| | ) | |
| WALTER JAMES LEE GRIFFITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 1414]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 1445]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

I.   **Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the

2

defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). In such cases, the Court may grant "a reduction comparably less than the amended guideline range." *Id.*

In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant pleaded guilty to conspiring to manufacture at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [Doc. 1071]. At the time of sentencing, the defendant was held responsible for 22 grams of methamphetamine [Presentence Investigation Report ("PSR") ¶ 39]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 28 [*Id.*]. The defendant received a three-level reduction for acceptance of

3

responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 25 [*Id.* ¶¶ 46–48]. Given the defendant's criminal history category of II, the defendant's applicable guideline range was 63 to 78 months' imprisonment, with a mandatory minimum of 60 months' imprisonment [*Id.* ¶¶ 56, 75–76].

Before sentencing, the United States moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and section 5K1.1 of the Sentencing Guidelines [Doc. 1069]. The Court granted that motion and sentenced the defendant to 48 months' imprisonment, which is 24 percent below the guidelines range [Docs. 1070–71]. According to the government, the defendant is presently scheduled for release on August 18, 2016 [Doc. 1445 p. 3].

**III. Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Section 1B1.10 of the Sentencing Guidelines addresses reductions under § 3582(c)(2):

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C.

> § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.

U.S. Sentencing Guidelines Manual § 1B1.10(b). Amendment 782 is listed in subsection (d). *Id.* § 1B1.10(d).

A defendant's amended guideline range is calculated by using the procedures set forth in section 1B1.1(a). *Id.* § 1B1.10 cmt. n.1(A); *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013). Accordingly, in calculating a defendant's amended guideline range, the reviewing court ordinarily must first substitute the revised base offense level provided by Amendment 782 and then apply the trumping provisions of sections 5G1.1 and 5G1.2 as appropriate. *See Joiner*, 727 F.3d at 605 (discussing the procedure for calculating a defendant's amended guideline range in light of the revised base offense levels for crack cocaine offenses provided by Amendment 750).

Section 5G1.1 provides, in relevant part, that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 5G1.1(b). Section 5G1.2 provides, in relevant part, that "the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently." *Id.* § 5G1.2(a).

5

Section 1B1.10(c) alters this analysis for defendants who have received a departure below a mandatory minimum sentence for their substantial assistance to the government. *See* 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code"). For this class of defendants, "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction)." U.S. Sentencing Guidelines Manual § 1B1.10(c). Here, the defendant is among the class of defendants covered by section 1B1.10(c). Therefore, sections 5G1.1 and 5G1.2 do not apply in calculating the defendant's amended guideline range.

Applying Amendment 782, the defendant's revised base offense level is 26, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 23. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 23 and a criminal history category of II results in an amended guideline range of 51 to 63 months' imprisonment. Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing

Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here. And it would be consistent with the applicable policy statements to sentence the defendant below the "minimum of the amended guideline range" because the defendant previously received a below-guidelines range sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), (B).

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense—conspiring to manufacture at least five grams of methamphetamine—and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical

7

care, or other correctional treatment.[1] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate. The Court will reduce the defendant's sentence in accordance with the amended guidelines range and by an amount "comparably less than the amended guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense, the defendant's personal characteristics, criminal history, and post-sentencing conduct.

## IV. Conclusion

For the reasons stated herein, the defendant's motion [Doc. 1414] is **GRANTED** and the defendant's sentence is **REDUCED** to **39 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated January 31, 2014 [Doc. 1071], shall remain in effect. The effective date of this order is **November 2, 2015**. U.S. Sentencing Guidelines Manual § 1B1.10(e)(1).

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:13-cr-00045-TAV-CCS   Document 1451   Filed 06/29/15   Page 9 of 9   PageID #: 5998